NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| LELA MILOSESKA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-6108 (JLL) |
| | : | |
| v. | : | |
| | : | REPORT AND RECOMMENDATION |
| LIBERTY TRAVEL, INC., | : | |
| BARCELO CORPORACION | : | |
| EMPRESIAL, ET AL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**HAMMER, United States Magistrate Judge**

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiffs' motion to remand [ECF No. 5].  The Honorable Jose L. Linares, United States District Judge, referred the motions to the Undersigned for Report and Recommendation.  Pursuant to Fed. R. Civ. P. 78, the Court did not hold oral argument.  For the reasons that follow, the Undersigned respectfully recommends that Plaintiff's motion to remand be granted.

**II.   BACKGROUND**

Plaintiff Lela Miloseska ("Plainitff") brings this action through her power of attorney for Menka Miloseska ("Miloseska") asserting claims based on alleged injuries that Menka Miloseska suffered while vacationing in the Dominican Republic and staying at the Barcelo Bavaro Palace

Deluxe Resort ("Barcelo" Defendants[1]).  Specifically, Plaintiff alleges Miloseska slipped on a wet floor as she exited an elevator at a hotel she was staying at on vacation.  Plaintiff is also suing Liberty Travel, Inc. ("Liberty Travel"), the travel agency she used to book her vacation.  In particular, Plaintiff brings the following causes of action against all defendants: misrepresentation (Count I), detrimental reliance (Count II), false representations (Count III), and negligence, recklessness, wilful and wanton conduct (Count IV).  In addition, Plaintiff asserts an unnamed cause of action against the Barcelo entities that sounds in negligence (Count V) and a similar cause of action (Count VI) against the fictitious John Doe entities.

The crux of the allegations appears to be that Liberty Travel made false representations about the conditions of the hotel, on which Miloseska relied to her detriment.  Compl. at ¶¶ 4, 5 (Count 1); ¶ 2 (Count 2); ¶¶ 2, 3 (Count 3).  Plaintiff further alleges that Barcelo did not properly maintain the condition of the hotel.  Id. at ¶ 8 (Count 5).  In particular, Miloseska slipped and fell on a wet floor and dislocated her shoulder.  Id.

Plaintiff filed her Complaint on June 6, 2012, in New Jersey Superior Court, Law Division, in Bergen County.  ECF No. 1.  Defendant Barcelo and the related entities were served on August 28, 2012 with the summons and complaint, and removed the action to this Court on September 28, 2012.  According to Barcelo's Opposition, Liberty Travel was served but no affidavit of service was filed.  Def. Opp. (ECF No. 6) at 4.  Liberty Travel has not entered an appearance.  Plaintiff filed this motion to remand on October 11, 2012.

---

[1] The following defendants are related entities: Barcelo Corporacion Empresial doing business as Barcelo Hotels & Resorts, Inc., Barcelo Bavaro Palace Deluxe Resort, Barcelo Crestline Corporation, Crestline Hotels & Resorts, Inc., Barcelo Club, Barcelo Viajes, Amex Barcelo Viajes, and Barcelo Holiday.  The Court refers to these parties collectively as Barcelo or the Barcelo Defendants.

Barcelo removed this matter on the grounds that the Court has subject matter jurisdiction based on the diversity of the parties pursuant to 28 U.S.C. § 1332.  Notice of Removal (ECF No. 1) at ¶ 11.  On the face of the Complaint, however, there is no diversity jurisdiction.  Defendant Liberty Travel and Plaintiff Miloseska are both residents of New Jersey.  Compl. at 1.  Nevertheless, Defendants removed the case to federal court arguing that Liberty Travel was fraudulently joined to obstruct the Court's subject matter jurisdiction and that Plaintiff has no ability to recover against Liberty Travel.  Notice of Removal (ECF No. 1) at ¶ 9.  The sole issue therefore is whether Liberty Travel was fraudulently jointed.  If not, the Court has no subject matter jurisdiction because the parties are not diverse.  If Liberty Travel was fraudulently joined, the Court could have jurisdiction although other questions remain.

### III. DISCUSSION

As an initial matter, the Court notes that a decision to remand is dispositive.  In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.")  Accordingly, the Court makes the following report and recommendation to the assigned United States District Judge, the Honorable Jose L. Linares.

### A. Remand

Title 28, Section 1447 of the U.S. Code provides the general procedure for remand.  For removal based on diversity of citizenship, as here, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

Here, Plaintiff argues that Defendants' removal is jurisdictionally defective as the Court has no subject matter jurisdiction due to the lack of complete diversity. Normally, if any plaintiff and any defendant share state citizenship, complete diversity would be defeated. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978); Grand Union Superm. of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003). And the Court cannot proceed without subject matter jurisdiction nor can a party waive such jurisdiction. Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010). Barcelo argues, however, that the fraudulent joinder exception applies and that once Liberty Travel is no longer considered a party, there will be complete diversity, thus giving the Court subject matter jurisdiction over this matter.

### B.    Fraudulent Joinder[2]

Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d at 215–16. If the joinder was not fraudulent and thereby results in a lack of subject matter jurisdiction, the Court must remand the case to state court. In re Briscoe, 448 F.3d at 216. Otherwise, if a defendant's joinder was fraudulent, the Court can disregard that defendant's citizenship, assume jurisdiction, dismiss that defendant, and retain jurisdiction over the case. In re Briscoe, 448 F.3d at 216 (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999)).

A party is fraudulently joined "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Brown v. Jevic, 575 F.3d

---

[2] Fraudulent joinder "in no way reflects on the integrity of plaintiff or of plaintiff's counsel" nor does it "require a showing of fraud in the conventional sense." Am. Dredging Co. v. Atl. Sea Con, Ltd., 637 F. Supp. 179, 183 (D.N.J 1986).

322, 326 (3d Cir. 2009) (citing Briscoe, 448 F.3d at 217).  A claim is "colorable" when it is not "wholly insubstantial and frivolous," Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir.1992), but "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  Id. at 851 (internal quotation marks and citations omitted).  The fraudulent joinder standard stops short of a motion to dismiss for failure to state a claim.  Batoff, 977 F.3d at 852.  Thus, on the same set of facts, a Court may find no fraudulent joinder but later dismiss the case for failure to state a claim.  Id.

      The removing party bears "a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."  Brown, 575 F.3d at 326 (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044–45 (3d Cir. 1993)).  Courts also must strictly construe removal statutes and resolve all doubts in favor of remand.  Brown, 575 F.3d at 326 (citing Batoff , 977 F.2d at 851).  Moreover, when evaluating fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed . . . [,] assume as true all factual allegations of the complaint . . . [, and] resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  Batoff, 977 F.2d at 851–52.  A court may consider facts outside the pleadings, but the inquiry "is far different from [a] summary judgment type inquiry."  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).  A court must avoid "step[ping] from the threshold jurisdictional issue into a decision on the merits."  Id.

      Barcelo advances several arguments to support its claim of fraudulent joinder.  It says there are no alleged facts suggesting that Liberty Travel was aware that the hotel was unsafe.

Def. Opp. at 2. Next, Barcelo argues that it is unreasonable to impose a duty on Liberty Travel to investigate the qualify of the hotel—and to do so would make travel agencies insurers of traveler's safety—and that wet floors are an inherent risk that Miloseska assumed. Finally, Barcelo argues that any reliance on Liberty Travel's representation was unreasonable.

Although Barcelo ultimately might succeed in advancing the foregoing arguments, the standard is not whether it is doubtful that a claim will be successful, but whether the claim is "wholly insubstantial and frivolous" and that there is "no possibility that New Jersey law would recognize any of the claims asserted." Batoff, 977 F.2d at 852; Route 27, LLC v. Getty Petroleum Marketing, Inc., Civ No. 10-3080, 2011 U.S. Dist. LEXIS 34375, at *4 (D.N.J. 2011). Plaintiff does allege that Liberty Travel is one of the largest retail travel agencies in the United States (Compl. at ¶ 1, Count 1), that it wilfully and falsely represented that the hotel would be safe and well-maintained (id. at ¶¶ 3,4, Count 1), and that the hotel was not in the condition represented. (Id. at ¶ 8 Count 5).³ Whether these allegations are sufficient, whether it was

---

³ It is important to note that Plaintiff's allegations of Liberty Travel's misrepresentations and Miloseska's reliance upon them, were originally made in state court and New Jersey is a fact pleading jurisdiction. See, generally, New Jersey Rules of Court 4:5. New Jersey state courts do not apply the same pleading standards as federal courts. Nostrame v. Santiago, 420 N.J. Super. 427, 436 (App. Div. 2011) ("However, New Jersey is a 'fact' rather than a 'notice' pleading jurisdiction, which means that a plaintiff must allege facts to support his or her claim rather than merely reciting the elements of a cause of action."); Kotok Bldg. v. Charvine Co., 183 N.J. Super. 101, 103 (Law Div. 1981) ("One of the significant differences between the federal and state rules is in the philosophy of pleading."). New Jersey state courts "ordinarily take a liberal view in determining whether a complaint states a cause of action." Nostrame, 420 N.J. Super. at 436; Klemp v. Department of Law & Public Safety, 2008 N.J. Super. Unpub. LEXIS 2173 (App. Div. July 18, 2008) ("The complaint must allege sufficient facts to give rise to a cause of action. A complaint must always be read liberally to determine whether the allegations are sufficient.") (collecting cases). To ask if Plaintiff's allegations meet the federal pleading standards under Federal Rule 8 or federal case law, such as Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) or Ashcroft v. Iqbal, 556 U.S. 662 (2009), would require the Court to conduct a motion to dismiss analysis under Rule 12(b)(6), which it cannot and should not do in this context.

reasonable for Miloseska to rely on the alleged misrepresentations, or whether Liberty Travel had a duty to inspect, are all questions that tread too closely to deciding this matter on the merits, which inevitably requires the Court to treat this issue as a motion to dismiss.  On a motion to remand, the Court must assume Plaintiffs' allegations to be true, resolve uncertainty in favor of Plaintiffs, and avoid stepping into a decision on the merits, as it would entertain on a motion to dismiss.  Batoff, 977 F.2d at 852; Boyer, 913 F.2d at 111–12.  Indeed, the majority of Barcelo's opposition is an attack on the merits of Plaintiff's claim.

A court's finding that a party was not fraudulently joined does not preclude ultimate dismissal for failure to state a claim upon which relief may be granted, nor certainly summary judgment, as the questions and considerations are quite distinct. In re Briscoe, 448 F.3d 201 (3d Cir. 2006).  In In re Briscoe, the Third Circuit reviewed its prior case law and made clear that a merits analysis is inappropriate:

> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.  In so ruling, the district court must assume as true all factual allegations of the complaint.  It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.
>
> Applying these standards, we rejected the district court's decision to conduct a merits determination in the context of a  fraudulent joinder inquiry. We explained that because it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted, the district court had erred in converting its jurisdictional inquiry into a motion to dismiss. Unless the claims against the non-diverse defendant could be deemed wholly insubstantial and frivolous, which they were not, the joinder could not be considered fraudulent.

Id. at 217-18 (citations and internal quotations omitted).  While Barcelo might succeed on its contention that a New Jersey state court would find Liberty Travel liable, Barcelo points to no

cases that definitively hold that a party such as Liberty Travel is absolved of liability; nor does Barcelo point to a case finding fraudulent joinder in such a situation. Barcelo admits that New Jersey law imposes a duty on travel agents to warn of known dangers and dangers of which it should be aware. Def. Opp. at 7 (citing Rodriguez v. Cardona Travel Bureau, 216 N.J. Super. 226, 229 (Law Div. 1986)). By arguing that Plaintiff cannot show that Liberty Travel knew or should have known of the dangers, it is forcing the Court into the weeds of a merits analysis that is more appropriately reserved for a motion to dismiss or for summary judgment.[4] Barcelo faces a heavy burden to prove fraudulent joinder. See Brown, 575 F.3d at 326. The cases where courts in this circuit have found fraudulent joinder are few and often it is only when one can say with reasonable certainty that a claim against a party cannot stand, such as when a party cannot be sued because of its status or because the statute of limitations has expired. See id. at 326-327. Such a situation is not before the Court today. The Court cannot say with certitude that Plaintiff's claims against Liberty Travel will fail. Therefore, it is improper to find that Liberty Mutual was fraudulently joined.[5] As such, complete diversity is lacking and the Court does not

---

[4] For example, addressing those issues may well turn on facts developed during discovery, including what, if any, dangers of which Liberty Travel knew or should have known, as well as any representations that Liberty Travel made to its customers. Clearly, such an inquiry is beyond the scope of review for fraudulent joinder. Briscoe, 448 F.3d at 217-18.

[5] Moreover, the Court has other concerns regarding Barcelo's assertion of diversity jurisdiction and the removal of this matter. For example, Miloseska's alleged injury was that she dislocated her shoulder. Compl. at ¶ 8, Count 5. While neither party raises this issue, the Court questions whether the medical costs associated with such an injury can meet the required amount in controversy of $75,000, even including the alleged emotional distress one suffers from such an injury. It may very well be that the extent of the injury was severe, the Court only notes that such a showing has not been made. Another potential issue is that Liberty Travel has not consented to removal. Generally, all defendants must join in a removal petition. Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). This requirement is waived, however, for any party that is fraudulently joined. Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995). Because the Court

have subject matter jurisdiction over this matter.

IV. CONCLUSION

For the reasons above, the Undersigned respectfully recommends that Plaintiffs' motion [ECF No. 5] be granted and this matter be remanded to the Superior Court of New Jersey, Law Division, Bergen County.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

Date: December 19, 2012                                         *s/Michael A. Hammer*
                                                                **United States Magistrate Judge**

---

does not find that Liberty Travel was fraudulently joined, its consent is necessary for an removal to be proper.