NOT FOR PUBLICATION  CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LELA MILOSESKA,<br><br>Plaintiff,<br>v.<br><br>LIBERTY TRAVEL, INC., BARCELO CORPORACION EMPRESIAL, et al.,<br><br>Defendants. | Civil Action No.: 12-6108 (JLL)<br><br>OPINION |

      This matter comes before the Court by way of Plaintiff's motion to remand the matter to state court pursuant to 28 U.S.C. § 1447. This Court had referred Plaintiff's application to the Honorable Michael A. Hammer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Hammer filed a Report and Recommendation in connection with said application on December 19, 2012. In particular, Magistrate Judge Hammer recommended that Plaintiff's motion to remand be granted. On January 3, 2013, Defendant Barcelo Corporacion Empresarial filed an Objection to Magistrate Judge Hammer's December 19, 2012 Report and Recommendation. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Magistrate Judge Hammer's Report and Recommendation, grants Plaintiff's motion to remand, and directs the Clerk of the Court to close the Court's file in this matter.

1. **Background**

Plaintiff Lela Miloseska brings this action through her power of attorney for Menka Miloseska asserting claims based on injuries that Menka Miloseska allegedly suffered while vacationing in the Dominican Republic at the Barcelo Bavaro Palace Deluxe Resort. Plaintiff's Complaint was filed in the Superior Court of New Jersey, Law Division, Bergen County, on June 6, 2012. Plaintiff asserts various claims against various defendants including Liberty Travel, Inc., the travel agency she used to book her vacation. The crux of the allegations lodged against Liberty Travel are that Liberty Travel made false representations about the condition of the hotel, on which Menka Miloseska relied to her detriment. (Compl., Count One, ¶¶ 4, 5; Count Two, ¶¶ 2, 3; Count Three, ¶¶ 2-4; Count Four, ¶¶ 3-5).

Pursuant to 28 U.S.C. § 1441(a), Plaintiff's Complaint was removed to this Court on September 28, 2012 by Defendants Barceló Corporación Empresarial, S.A., s/h/a Barcelo Corporacion Empresial a/k/a Grupo Barcelo d/b/a Barcelo Hotels & Resorts, Inc., Barcelo Bavaro Palace Deluxe Resort, Barcelo Crestline Corporation, Crestline Hotels & Resorts, Inc., Barcelo Club, Barcelo Viajes, AMEX Barcelo Viajes, Barcelo Holiday (hereinafter referred to as "Barcelo").

According to Defendant Barcelo, this Court has original subject matter jurisdiction over this action by virtue of diversity of citizenship, 28 U.S.C. § 1332. Although Barcelo concedes that Plaintiff and Defendant Liberty Travel, Inc. are both New Jersey residents for purposes of a diversity analysis, Barcelo claims that Defendant Liberty Travel, Inc.'s domicile can and should be disregarded by the Court inasmuch as it was fraudulently joined as a defendant to this action solely for the purpose of depriving the Court of subject matter jurisdiction. Stated differently, Barcelo urges the Court to disregard Liberty Travel, Inc.'s domicile because "there is no

2

possibility that the Plaintiff will be able to maintain an action against Liberty Travel, Inc. in the State Court Action." (Notice of Removal, ¶ 8).

Plaintiff filed a motion to remand the matter on October 11, 2012. This Court referred Plaintiff's motion to remand to Magistrate Judge Michael A. Hammer, pursuant to 28 U.S.C. § 636 (b)(1)(B). On December 19, 2012, Magistrate Judge Hammer entered his decision, recommending that Plaintiff's motion to remand be granted. Currently before the Court is Magistrate Judge Hammer's December 19, 2012 Report and Recommendation, as well as Defendant Barcelo's objection thereto.

**2.    Legal Standards**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1c(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1c(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.,* 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has

filed an objection. 28 U.S.C. § 636(b)(1) (c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1c(2).

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Where, as here, the removing party asserts subject matter jurisdiction on the basis of diversity, there must be complete diversity among the parties in that every plaintiff must be diverse from every defendant. 28 U.S. § 1332(a).

In the Third Circuit, "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–216 (3d Cir. 2006). Federal courts are required to dismiss or remand suits in which any party has been improperly or collusively joined solely to invoke federal diversity jurisdiction. *See* 28 U.S.C. § 1359; *Boyer,* 913 F.2d at 110. Thus, if a non-diverse party was fraudulently joined, the court "can disregard, for jurisdictional purposes, the citizenship of non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *In re Briscoe*, 448 F.3d at 215–216. Where a court finds that a non-diverse party was *not* fraudulently, improperly, or collusively joined, however, the court lacks subject matter jurisdiction and must remand the case to state court. 28 U.S.C. § 1447.

In conducting a fraudulent joinder analysis, a court assumes as true all factual allegations of the complaint, and deems joinder fraudulent only when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Batoff*, 977 F.2d at

4

851. For a claim not to be colorable, "it must be wholly insubstantial and frivolous." *Id*. at 852. In conducting this analysis, a court is not limited to the pleadings; rather, it may look beyond the pleadings "to identify indicia of fraudulent joinder." *In re Briscoe*, 448 F.3d at 219. The district court must not, however, "step 'from the threshold jurisdictional issue into a decision on the merits' " *Id.* (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.3d 108, 112 (3d Cir. 1990)). Therefore, although a court may pierce the pleadings in determining whether joinder is fraudulent, it must be mindful that "the inquiry into the validity of the complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852. Ultimately, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against one of the resident defendants, the federal court *must* find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (emphasis added) (quotation omitted).

**3.     Discussion**

The Court begins its analysis by reiterating the applicable standard of review. This matter comes before the Court by way of an objection to the Report and Recommendation submitted by Magistrate Judge Hammer. Local Civil Rule 72.1c directs this Court to "make a de novo determination of those portions [of the Report and Recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1c(2).

In recommending that Plaintiff's motion to remand be granted, Magistrate Judge Hammer found, in pertinent part, the following:

> While Barcelo might succeed on its contention that a New Jersey

> state court would find Liberty Travel liable, Barcelo points to no cases that definitively hold that a party such as Liberty Travel is absolved of liability; nor does Barcelo point to a case finding fraudulent joinder in such a situation. Barcelo admits that New Jersey law imposes a duty on travel agents to warn of known dangers and dangers of which it should be aware. Def. Opp. at 7 (citing *Rodriguez v. Cardona Travel Bureau*, 216 N.J. Super. 226, 229 (Law Div. 1986)). By arguing that Plaintiff cannot show that Liberty Travel knew or should have known of the dangers, it is forcing the Court into the weeds of a merits analysis that is more appropriately reserved for a motion to dismiss or for summary judgment.
>
> ***
>
> The Court cannot say with certitude that Plaintiff's claims against Liberty Travel will fail. Therefore, it is improper to find that Liberty Mutual was fraudulently joined. As such, complete diversity is lacking and the Court does not have subject matter jurisdiction over this matter.

(Report and Recommendation at 7-9).

Defendant Barcelo objects to Magistrate Judge Hammer's December 19, 2012 Report and Recommendation "in its entirety," on the following grounds:

> Finding that Liberty Travel was fraudulently joined in this action does not require the Court to engage in an analysis of the merits of Plaintiff's claims. Plaintiff's claim that Liberty Travel is responsible for Miloseska's slipping on a wet floor in a beachfront resort because it represented that the Hotel was a "safe and well-maintained resort" is patently legally insufficient. Because Liberty Travel cannot be liable under New Jersey law, the Motion should be denied and Liberty Travel's citizenship should be disregarded for diversity jurisdiction purposes.

(Barcelo Objection, ¶ 5). Thus, the crux of Barcelo's objection is that Magistrate Judge Hammer erred in concluding that "[t]he Court cannot say with certitude that Plaintiff's claims against Liberty Travel will fail." Stated differently, Barcelo objects to Magistrate Judge Hammer's conclusion that there is a *possibility* that a New Jersey court would find that Plaintiff's Complaint states a cause of action against Liberty Travel. *See, e.g., Boyer*, 913 F.2d

6

at 111.

Having carefully considered Magistrate Judge Hammer's recommendations, as well as Defendant Barcelo's objection thereto, the Court agrees with Magistrate Judge Hammer and declines to find that joinder was fraudulent in this case. The cases relied upon by Defendant Barcelo in support of its claim that "Liberty Travel cannot be liable under New Jersey law" are, as a preliminary matter, district court decisions, none of which are binding legal authority on matters of New Jersey law. *See, e.g.,* Barcelo Objection at 4 ("Under New Jersey law, however, such a representation cannot support a cause of action against a travel agent.") (citing *Abramson v. Ritz-Carlton Hotel Co., LLC*, Civil Action No. 09–3264, 2010 WL 3943666 (D.N.J. Oct. 6, 2010)); Barcelo Objection at 6 ("No such duty can be imposed on Liberty Travel because a wet floor is an inherent risk at a beach resort and such a duty would impose an impossible and unreasonable requirement on Liberty Travel to continuously monitor the Hotel's floors.") (citing *Schwartz v. Hilton Hotels Corp.*, 639 F. Supp. 2d 467 (D.N.J. 2009)).

Moreover, both district court decisions cited to by Defendant Barcelo recognize that New Jersey law imposes some limited duty of care on travel agents. *See, e.g., Abramson*, 2010 WL 3943666, at *5 (noting that under New Jersey law, "a travel agent must disclose safety information that is germane to the customer's specific travel arrangements and known to the agent when discharging its duty of reasonable care."); *Schwartz*, 639 F. Supp. 2d at 474 ("Though case law on the issue is sparse in New Jersey, courts appear to impose some limited duty upon travel agents to exercise reasonable care in favor of their clients."). Defendant Barcelo concedes the existence of this duty imposed on travel agents under New Jersey law in its brief in opposition to Plaintiff's motion to remand. *See* Def. Opp'n Br. at 7. Thus, the Court agrees with Magistrate Judge Hammer's finding that New Jersey courts have imposed a limited duty of

care on travel agents to warn of known dangers and dangers of which it should be aware. *See Rodriguez v. Cardona Travel Bureau*, 216 N.J. Super. 226, 229 (Law Div. 1986) ("Travel agents should be held to a duty to investigate and ascertain the reliability of suppliers, tour operators and wholesalers which they recommend to their principals. The client places himself in the hands of that agent, and relies on that agent, as did Rodriguez."); *Josephs v. Fuller*, 186 N.J. Super. 47, 51 (Law Div. 1982) ("[W]hen a traveler relies on the recommendations of a travel agent and suffers damage because of accommodations so totally unacceptable that any reasonable travel agent would have known not to make such recommendations, the travel agent is liable.").

Plaintiff's Complaint alleges, in relevant part, that: (1) Liberty Travel is "one of the largest retail travel agencies in the United States" (Compl., Count One, ¶ 1); (2) Liberty Travel "made a clear promise to the plaintiff . . . that she would be vacationing at a safe and well-maintained resort and plaintiff relied on that promise" (Compl., Count Two, ¶ 2); and (3) that the resort was not in the condition represented (Compl., Count Five, ¶ 8). In light of the foregoing allegations, and given that New Jersey law imposes a duty on travel agents to warn of known dangers and dangers of which it should be aware, as discussed above, the Court agrees with Magistrate Judge Hammer's ultimate conclusion that "whether these allegations are sufficient, whether it was reasonable for Miloseska to rely on the alleged misrepresentations, or whether Liberty Travel had a duty to inspect the resort, are all questions that tread too closely to deciding this matter on the merits . . . ." (Report and Recommendation at 7). *See, e.g., In re Briscoe*, 448 F.3d at 219 (noting that, in conducting a fraudulent joinder analysis, the district court must not step "from the threshold jurisdictional issue into a decision on the merits") (citations omitted).

To be clear, the Court does not find that Plaintiff has succeeded in stating a claim for

relief against Liberty Travel; rather, the Court merely concludes that, in light of the limited duty of care imposed on travel agents by New Jersey courts and the allegations set forth in Plaintiff's Complaint, the claims asserted against Liberty Travel are not wholly insubstantial and/or frivolous. *See Batoff*, 977 F.2d at 851. Stated differently, the Court cannot conclude that there is "no possibility" that the Superior Court of New Jersey would find that Plaintiff's Complaint states a cause of action against Liberty Travel. *See Boyer*, 913 F.2d at 111 ("If there is even a possibility that a state court would find that the complaint states a cause of action against one of the resident defendants, the federal court *must* find that joinder was proper and remand the case to state court."). Having so concluded, the Court agrees with Magistrate Judge Hammer's ultimate conclusion that Liberty Travel was not fraudulently joined as a defendant to this action, thus diversity jurisdiction is lacking. Because the parties do not contend that there is any other basis for federal jurisdiction, the Court agrees with Magistrate Judge Hammer that this case should be remanded pursuant to 28 U.S.C. § 1447(c).

**4.     Conclusion**

Having thoroughly reviewed Magistrate Judge Hammer's December 19, 2012 Report and Recommendation, including Defendant Barcelo's objection thereto, this Court hereby adopts said Report and Recommendation as the findings of fact and conclusions of law of this Court, and thus grants Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.

An appropriate Order accompanies this Opinion.

Date:   January 15, 2013

s/ Jose L. Linares
Jose L. Linares
United States District Judge